Affirmed and Opinion filed December 12, 2002









Affirmed
and Opinion filed December 12, 2002.

 




 
 
 
  
 
 
 




In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-01-01123-CR

____________

 

RENE DIMAS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 34,123

 



 

O P I N I O N

Appellant, Rene Dimas, was charged by indictment with
intentionally and knowingly causing serious bodily injury to a child; he entered
a plea of not guilty.  A jury convicted
appellant of the lesser-included offense of recklessly causing serious bodily
injury to a child and sentenced him to 20 years= imprisonment and a $10,000
fine.  In two points of error, appellant
contends the trial court erred in denying his challenges for cause to two
prospective jurors.  We affirm.








Specifically, appellant claims two venirepersons, identified
in the record as venirepersons nineteen and forty-two, could not consider the
full range of punishment, and thus, should have been excused for cause due to
their bias or prejudice against the law upon which appellant was entitled to
rely.  Tex.
Code Crim. Proc. Ann. art. 35.16(c)(2) (Vernon Supp. 2002).[1]  During his voir dire examination, appellant=s counsel advised the panel that
jurors would have five options, i.e., they could acquit the defendant,
convict him of the offense charged, or convict him of one of three similar, but
lesser-included, offenses.  He then
explained the punishment range for each of the offenses:  (1) a first degree felony with 5B99 years or life imprisonment; (2)
second degree felony with 2B20 years= imprisonment; (3) a third degree felony with 2B10 years= imprisonment; or (4) a fourth degree
felony with 6 monthsB2 years= imprisonment. 
Following this explanation, appellant=s counsel asked, “panel, can you
consider in a proper case, in a proper fact situation, can you consider the
minimum, each one of these minimums, 5, 2, 2 and 6 months; and can you consider
the maximum, 99, 20, 10 and 2 years?”  

After
appellant=s counsel questioned the jurors
individually on whether they could consider the minimum punishment for the
crimes, the judge asked for challenges for cause.  During that process, before the parties made
peremptory strikes, appellant=s counsel made the following objection:

I have got six people who are left on this panel who
answered my question, can you consider the minimum punishment and who said no,
and they are not struck off, and I don=t have
enough alternate people to pick up as far as to strike.  I am going to have to leave six people on the
Jury Panel who I could have otherwise struck, and I am going to ask for
additional strikes.








The trial court
denied counsel=s request.  Counsel failed to make any other objections
at that time which would have identified to the court which particular jurors
were objectionable.  After the jury panel
was sworn in and the court recessed, appellant=s counsel made the following
objection:  

The defense would like the record to reflect that in
regards to selecting the venire panel and jury panel that we have now, that I
have had toCI had four people who I had to use strikes on, all of
which my notes indicated that they could not consider the minimum
punishment.  Two of those jurors have, in
fact, made the jury panel, and I would ask for additional strikes so that I
could strike.  Let me strike that.  Two of the people that I would have struck
had I had additional strikes, Number 30, Ms. Tamborello, and Number 10, Mr.
Soderstrom, are on the jury panel today and had I had additional strikes. . . I
struckCthey are on the jury panel today because I didn=t have enough strikes. 
Had I been able to use strikes on Numbers 19 and 42, who both, according
to my notes, indicated that they couldn’t consider the minimum, jurors number
30 and10 would not have been on the jury today, and so at this point, as a
result of that, I would move for a mistrial. 


The trial court denied this request. 


When the trial court overrules a challenge for cause, the
defendant is harmed only if he uses a peremptory strike to remove the
veniremember and thereafter suffers a detriment from the loss of a strike.  Chambers v. State, 866 S.W.2d 9, 22
(Tex. Crim. App. 1993).  To preserve
error, “the defendant must (1) exhaust his peremptory challenges, (2) request
additional peremptory challenges, (3) identify a member of the jury as
objectionable, and (4) claim that he would have struck the juror with a
peremptory challenge.”  Broussard v.
State, 910 S.W.2d 952, 956B57 (Tex. Crim. App. 1995). 
The defendant must make the proper challenge before the panel is
sworn.  Credille v. State, 925 S.W.2d
112, 115 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d). 
Although a defendant need not specify why a particular juror is
objectionable, his challenge must at least state which particular juror is
objectionable to give the trial judge the opportunity to correct any error.  Fuller v. State, 827 S.W.2d 919, 924B25 (Tex. Crim. App. 1992); Credille,
925 S.W.2d at 115B16 (fairness requires the complaining party to object when it
is possible to correct the error).  A
mere statement that certain jurors, without designation, are objectionable is
not enough.  Moreno v. State, 587 S.W.2d
405, 408 (Tex. Crim. App. 1979).  








Here, appellant failed to preserve any error for review.  When appellant first objected, he failed to
identify any objectionable jury panel member; he merely made a blanket
statement that six people left on the panel could not consider the minimum
punishment.  Only after the jury was
sworn in did appellant=s counsel decide to identify to the trial court the
objectionable jurors.  Thus, appellant
failed to give the trial court any opportunity to correct the alleged
error.  See Fuller, 827 S.W.2d at
924B25 (Tex. Crim. App. 1992).  To preserve error on appeal when a trial
court grants or denies a challenge for cause, counsel must object in a timely
manner.  Fuller, 827 S.W.2d at 924B25. 
Appellant=s assertions identifying the objectionable jurors, after the
jury panel was sworn in, were not timely; thus, appellant failed to preserve
error.  Credille, 925 S.W.2d at
115. 

Furthermore, even if appellant had preserved error, his
complaint would nevertheless fail because the error was harmless.  Appellant contends venireperson forty-two
could not consider the minimum punishment for a first-degree felony or a
third-degree felony and venireperson nineteen could not consider the minimum
punishment for a fourth-degree felony. 
However, appellant was convicted of a second degree-felony, thus, any
error relating to the other possible offenses had no effect on appellant=s conviction or punishment.  King v. State, 953 S.W.2d 266, 268
(Tex. Crim. App. 1997) (holding that a denial of a challenge for cause was
harmless when a panel member could not consider the minimum punishment for a
lesser-included offense and the defendant was convicted of the charged
offense).  Accordingly, appellant=s two issues are overruled.  

The judgment of the trial court is affirmed.

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed December 12, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  Article
35.16(c)(2) provides in relevant part, A. . . a
challenge for cause may be made by the defense. . . that he [venireperson] has
a bias or prejudice against any of the law applicable to the case. . .@  Tex. Code
Crim. Proc. Ann. art. 35.16(c)(2) (Vernon Supp. 2002).